IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TRACEY M. GRAGG,                      )<br>    Plaintiff,                                       )<br>                                                       )<br>v.                                                     )     No. 10-3276<br>                                                       )<br>WENZAK, INC.,                              )<br>    Defendant.                                    ) | |

# ORDER

SUE E. MYERSCOUGH, United States District Judge.

This cause is before the Court on the Motion to Dismiss filed by Defendant Wenzak, Inc. (d/e 7). Defendant argues the Amended Complaint should be dismissed because Plaintiff Tracy M. Gragg did not: (1) timely file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC); or (2) receive a Notice of Right to Sue (also called a right-to-sue letter) from the EEOC. Because Plaintiff specifically alleged she did not receive a Notice of Right to Sue from the EEOC, this cause is DISMISSED WITHOUT PREJUDICE with leave to refile within 90 days of Plaintiff's receipt of a Notice of Right to Sue

from the EEOC.

I. BACKGROUND

In October 2010, Plaintiff filed, pro se, a Complaint against Defendant alleging Defendant violated the Americans With Disabilities Act (ADA) (42 U.S.C. §12111, et seq.). In November 2010, Plaintiff filed an Amended Complaint. The Amended Complaint consisted of: (1) a preprinted form on which Plaintiff wrote in the information requested; and (2) a narrative by Plaintiff containing the facts of her claim. In the narrative, Plaintiff alleged that in August 2008, she applied for a job with Defendant ("Wendy's Wenzak, Inc."). Plaintiff told the general manager she had a learning disability and that while she could work as fast as anyone else, it would take her longer to learn the job. Plaintiff was hired. According to Plaintiff, during her employment, she was frequently assigned different tasks and not trained properly for some of the tasks. After approximately one and one-half weeks of employment, Plaintiff was fired. Plaintiff was told she was fired because she was "damn slow @ learning." Plaintiff further alleged the following:

> "And that's when we went to Human Rights & filed a Charge of discrimination[.] [A]t first they had no investigators[.] [T]hen they said we can dismiss this case without prejudice & go to the Human Rights Commission across the street & they might pick it up. And that is what we did."

In the preprinted portion of the Amended Complaint, Plaintiff indicated she filed a charge before the EEOC in July 2010 but the charge was never assigned a case number. Plaintiff marked "NO" to the question asking whether the EEOC had "written [her] a right-to-sue letter." In response to the question asking whether she had begun other legal proceedings in state or local courts or agencies, Plaintiff wrote that a case filed in September 2009 was still pending before the Illinois Human Rights Commission (IHRC).

In March 2011, Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant asserted that Plaintiff's Amended Complaint failed to state a claim because Plaintiff did not timely pursue her remedies under the ADA or receive a Notice of Right to Sue.

In her response, Plaintiff asserted, in part, as follows:

> "I understand that it has been over 2 years but when I filed this they told me I had to wait until my Human Rights case was completed[.] [W]e are in our last stage[.] [W]e are supposed to have a hearing May 24,@10:30 AM @ the Stratton Building."

Plaintiff further disagreed that a statute of limitations should play a role in any decision to "cancel" her federal case.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." See Fed.R.Civ.P. 12(b)(6). For purposes of this motion, a court must accept as true all well-pleaded factual allegations contained in the complaint and draw all inferences in the light most favorable to the non-moving party. Estate of Davis v. Wells Fargo Bank, 633 F.3d 529, 533 (7th Cir. 2011); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (to survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'.... A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged"), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 570 (2007). Moreover, pro se complaints are liberally construed and "are not held to the stringent standards expected of pleadings drafted by lawyers." Wilson v. Civil Town of Clayton, Ind., 839 F.2d 375, 377 (1988); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## III. ANALYSIS

Defendant raises two arguments in its Motion to Dismiss. First, Defendant argues Plaintiff's Amended Complaint should be dismissed because she did not timely file a charge of discrimination with the EEOC. Second, Defendant argues Plaintiff did not exhaust her administrative remedies because she has not received a Notice of Right to Sue from the EEOC.

Filing a timely charge with the EEOC and receiving a Notice of Right to Sue are administrative prerequisites to filing suit under the ADA. Dancy v. Jack's Premium Car Wash & Oil Lube, LLC, 2011 916616, at 2 (S.D. Ill. 2011). The failure to timely file a charge with the

EEOC or receive a Notice of Right to Sue are affirmative defenses. See, e.g., Salas v. Wisconsin Department of Corrections, 493 F.3d 913, 921 (7th Cir. 2007)(failure to file a timely charge with the EEOC is an affirmative defense); Krause v. Turnberry Country Club, 571 F.Supp.2d 851, 858 (N.D.Ill. 2008) (failure to receive a right-to-sue letter before filing suit is an affirmative defense).

"[C]omplaints do not have to anticipate affirmative defenses to survive a motion to dismiss." United States v. Lewis, 411 F.3d 838, 842 (7th Cir. 2005); Hollander v. Brown, 457 F.3d 688, 691 n.1 (2006) ("a federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense"). A plaintiff may, however, plead herself out of court by "alleging facts that are sufficient to establish the defense." Hollander, 457 F.3d at 691 n.1.

A.  Because a Liberal Reading of Plaintiff's Amended Complaint Suggests She May Have Filed a Timely Charge of Discrimination With the EEOC, Dismissal Is Not Proper on This Basis

Defendant first argues that Plaintiff's Complaint is untimely because she failed to file a charge with the EEOC within 300 days of the

alleged discrimination. The Court finds this is not a proper basis for dismissal in this case.

The ADA adopts the enforcement procedures governing Title VII actions. See 42 U.S.C. §12117 (incorporating requirements of Title VII set forth in 42 U.S.C. §2000e-5(e)(1)). The enforcement procedures governing Title VII, and which apply to actions proceeding under the ADA, include certain filing procedures and timing requirements. See Burmistrz v. City of Chicago, 186 F.Supp.2d 863, 871 (N.D. Ill. 2002). (explaining filing procedures and timing requirements for an Illinois claimant under the ADA). Specifically, a claimant has 180 days to file a charge with the EEOC unless the aggrieved person "has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice," in which case the claimant has 300 days to file in the EEOC. 42 U.S.C. §2000e-5(e)(1); see also Stepney v. Naperville School Dist. 203, 392 F.3d 236, 239 (7th Cir. 2004) (both a Title VII and ADA plaintiff in Illinois must file a charge in the EEOC within 300 days of the alleged unlawful employment practice).

"Failure to file within the 300 days renders the charge untimely and the claimant is precluded from bringing the claim in court." Burmistrz, 186 F.Supp.2d at 871. The timing requirement is not jurisdictional, "but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); see also Salas, 493 F.3d at 921 (filing timely charge with the EEOC is akin to administrative exhaustion).

Defendant argues that Plaintiff's Complaint demonstrates she did not even attempt to file a charge of discrimination with the EEOC until nearly two years after she was terminated. Defendant also argues there is no evidence to support an assertion of a defense that might render Plaintiff's Complaint timely and no evidence that Plaintiff's Illinois Department of Human Rights (IDHR) charge was cross-filed with the EEOC "in 2008 such that her ability to bring an action under the ADA would relate back to 2008."

Plaintiff alleged she attempted to file a charge before the EEOC in

July 2010, well outside the 300-day requirement. However, she also alleged she filed a charge of discrimination in the IDHR. See 775 ILCS 5/7A-102(A)(1) (West 2008) (requiring that a charge alleging a civil rights violation be filed with the IDHR within 180 days of the alleged violation). A reasonable inference can be drawn that the IDHR filing was made shortly after Plaintiff's termination–and within 180 days of the termination–because Plaintiff alleged in the narrative of her Amended Complaint that after she was fired, "that's when we went to Human rights & filed a Charge of discrimination."

Moreover, a reasonable inference can be drawn that the IDHR charge was dual filed with the EEOC. See, e.g., Garcia v. Village of Mount Prospect, 360 F.3d 630, 642-643 n. 13 (7th Cir. 2004) (in a dual filing system, the filing of a charge with the state agency is also considered as a filing in the EEOC); Glemser v. Sugar Creek Realty, LLC, 2010 WL 375166, at 2 (C.D.Ill. 2010) (finding that the EEOC and IDHR "have a work sharing agreement which provides for dual filing in both agencies, unless the complainant opts out."). Therefore, taking

those reasonable inferences in account, Plaintiff has not effectively pled herself out of court by alleging facts establishing that she did not timely file a charge with the EEOC. See, e.g., Thompson v. Continental Cas. Co., 602 F.Supp.2d 943, 945 (N.D. Ill. 2009) ("When the plaintiff effectively pleads herself out of court by alleging facts sufficient to establish a statute of limitations defense, dismissal is appropriate").

B. Dismissal Without Prejudice Warranted Because Plaintiff Failed To Receive a Notice of Right to Sue From the EEOC

Defendant also seeks to dismiss the Complaint on the ground that Plaintiff has not received a Notice of Right to Sue from the EEOC. Receipt of a Notice of Right to Sue is not jurisdictional but is a statutory prerequisite to bringing a federal employment discrimination suit. Worth v. Tyer, 276 F.3d 249, 259 (7th Cir. 2001). The failure to receive a Notice of Right to Sue before filing suit in federal court is a ground for dismissal "absent special circumstances justifying equitable modification." Sherman v. Standard Rate Data Service, Inc., 709 F.Supp. 1433, 1437 (N.D.Ill. 1989) (citing examples of special circumstances justifying equitable modification, including when the

Notice of Right to Sue is received subsequent to commencement of the lawsuit or when the EEOC has improperly refused to issue a Notice of Right to Sue).

Although Defendant raises an affirmative defense, Plaintiff has effectively pled herself out of court.  See Krause, 571 F.Supp.2d at 858 (failure to receive a right-to-sue letter before filing suit is an affirmative defense); Hollander, 457 F.3d at 691 n.1 (a plaintiff may plead herself out of court by "alleging facts that are sufficient to establish the defense").  Plaintiff specifically alleged that she had not received a Notice of Right to Sue from the EEOC.  In fact, she alleged she has a claim pending before the IHRC.  See Garcia, 360 F.3d at 643 n.13 (noting that if the IHRC resolved the dispute in the employer's favor, the claimant then has the option of appealing the denial to the state circuit court or, after receiving the Notice of Right to Sue from the EEOC, suing in federal court).  Moreover, in her response to the Motion to Dismiss, Plaintiff does not assert any circumstances justifying equitable modification of the requirement that Plaintiff receive her Notice of Right

to Sue from the EEOC before filing suit.   Therefore, because receipt of a Notice of Right to Sue is a prerequisite to filing suit, Plaintiff's case is premature and is dismissed without prejudice.  See <u>Kent v. Director Missouri Department of Elementary and Secondary Education and Diversion of Vocational Rehabilitation</u>, 792 F.Supp. 59, 62 (E.D. Mo. 1992) (dismissing discrimination suit without prejudice to give the plaintiff the opportunity to comply with the requirements of Title VII, which were also applicable to ADA claims).

Although not raised by Defendant, this Court questions whether Plaintiff has the capacity to sue on her own behalf because Plaintiff asserted, in her request to amend her complaint, that her husband was her legal guardian.  <u>See</u>, <u>e.g.</u>, Fed.R.Civ.P. 17(c) (providing who can sue on behalf of an incompetent person); <u>see also</u> <u>King v. Second City Const. Co.</u>, 1997 WL 627649, 2 (N.D.Ill.,1997) ("a party can lack the capacity to sue ( i.e., be mentally incompetent), but still have standing to sue (i.e., have suffered an injury from the challenged actions)).  However, "a party must raise lack of capacity to sue in an appropriate pleading or

amendment to avoid waiver." <u>Wagner Furniture Interiors, Inc. V. Kemner's Georgetown Manor, Inc.</u>, 929 F.2d 343, 345 (7th Cir. 1991); <u>see</u> <u>also</u> Fed.R.Civ.P. 9(a)(2) (party must raise a party's capacity to sue by specific denial). Without further information, and because this Court is dismissing the Amended Complaint without prejudice, this Court makes no finding on whether Plaintiff has the capacity to sue on her own behalf.

## IV. CONCLUSION

THEREFORE, Defendant's Motion to Dismiss (d/e 7) is GRANTED. This cause of action is DISMISSED WITHOUT PREJUDICE with leave to refile within 90 days of Plaintiff's receipt of a Notice of Right to Sue from the EEOC.

IT IS SO ORDERED.

ENTERED:    April 6, 2011

   FOR THE COURT:

        s/Sue E. Myerscough
        SUE E. MYERSCOUGH
       UNITED STATES DISTRICT JUDGE